

**ORDERED in the Southern District of Florida on October 1, 2012.**

                                             **Raymond B. Ray, Judge**
                                            **United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,       Case No. 09-34791-BKC-RBR
                                                      Chapter 11
    Debtor.
_____/

HERBERT STETTIN, Chapter 11 Trustee,
                                                      Adv. Pro. No. 12-1301-BKC-RBR-A
    Plaintiff,
v.

PEARCO INVESTMENTS LLC,
a Delaware corporation, and RICHARD L. PEARSON,

    Defendants.
_____/

### ORDER APPROVING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS, PEARCO INVESTMENTS LLC AND RICHARD L. PEARSON, AND ENTRY OF <u>FINAL DEFAULT JUDGMENT</u>

       THIS CAUSE came before the Court for an evidentiary hearing on September 19, 2012 at 1:30 p.m. upon *Plaintiff's Motion for Entry of Default Final Judgment Against Defendants,*

*Pearco Investments LLC and Richard L. Pearson* (the "Motion") [ECF#22], filed by Plaintiff, Herbert Stettin (the "Plaintiff"), Chapter 11 Trustee of Rothstein, Rosenfeldt Adler, P.A. ("RRA" or the "Debtor"). No opposition was filed to the Motion. The Trustee appeared at the hearing through Counsel. Richard L. Pearson ("Pearson") appeared individually without counsel. Pearco Investments LLC ("Pearco") did not appear through counsel.

The Court has reviewed the Motion and all pertinent filings, admitted into evidence exhibits 1 through 8 submitted through Plaintiff's Exhibit Register, and accepted the proffered testimony of the Trustee's expert Richard S. Fechter. The Trustee's expert testimony was not contradicted and no party cross examined him. Having heard argument of counsel for the Trustee, and being otherwise duly advised in the premises, the Court

**DOES HEREBY FIND:**

(a)    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1334.

(b)    This Court has personal jurisdiction over the Defendants, who have submitted themselves to this Court's jurisdiction.

(c)    Mr. Pearson appeared at the hearing and requested *ore tenus* an additional 30 days to obtain "new" counsel to respond to the complaint. Although Mr. Pearson stated that he is retaining "new" counsel, no lawyer had ever made an appearance in this case for the defense. Mr. Pearson failed to explain why he did not move to set aside the August 20, 2012 Default entered by the Clerk and did not seek to postpone the hearing on the Trustee's Motion for Entry of Final Default Judgment until the commencement of the evidentiary hearing on that motion. The unrebutted evidence before the Court is that Pearson and Pearco were properly served with the complaint, the notice of default, and the order declaring the default, which was never timely

contested.

(d)     The Complaint includes seven counts that seek avoidance of fraudulent transfers and two counts that seek damages for aiding and abetting breaches of fiduciary duties.  **Count I** – Fraudulent Transfers Pursuant to Section 548(a)(1)(A); **Count II** - Fraudulent Transfers Pursuant to Section 548(a)(1)(B); **Count III** – Avoidance of Fraudulent Transfers Pursuant to Section 544 of the Bankruptcy Code and Section 726.105(1)(a) of the Florida Statutes**; Count IV** -  Avoidance of Fraudulent Transfers Pursuant to Section 544 of the Bankruptcy Code and Section 726.105(1)(b) of the Florida Statutes; **Count V** - Avoidance of Fraudulent Transfers Pursuant to Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes ; **Count VI** – Avoidance of Preferential Transfers Pursuant to Section 547(b) of the Bankruptcy Code; and **Count VII** – Recovery of Property Pursuant to Section 550 of the Bankruptcy Code (collectively the "Fraudulent Transfers").  These Fraudulent Transfers were described in detail in Exhibit A to the Complaint, as well as the evidence provided to the Court.  The amount of the Fraudulent Transfers Pearco received for the commissions and finder's fees described in the Complaint is $378,394.00.  The amount of the Fraudulent Transfers ultimately received by Mr. Pearson which were described in the Complaint as the "RLPA Transfers" and the "Pearco Transfers" is $5,323,394.00.

(e)     The counts of the Complaint that assert claims for aiding and abetting breaches of fiduciary duty are:  **Count VIII** – Aiding and Abetting Breach of Scott Rothstein's Fiduciary Duty; and **Count IX** - Aiding and Abetting Breach of David Boden's Fiduciary Duty.

This Court accepted into evidence testimony regarding Pearson's role in bringing in new investors to the Ponzi and in running and developing his own "Sub-Ponzi" with Boden. Rothstein tested Pearson for his willingness to engage in fraudulent activity by paying Pearson

$50,000 before Pearson performed any services. Rothstein characterized this payment as "a bribe to Mr. Pearson for the purpose of getting him into the game – generate investors – get out there and find people." Pearson took the money, ultimately giving Rothstein comfort that Pearson would perpetrate the fraud. Even when presented with alarming red flags and highly dubious transaction terms, Pearson willingly collaborated with Rothstein.

Specifically, Pearson and David Boden developed their own scheme to steal money from investors. Pearson lied to investors about bank account balances. Pearson lied to investors about the fact that the entire Ponzi scheme was being audited by a "Big Four accounting firm." Pearson lied about investing money in deals when in reality he did not invest in any. Pearson changed deal amounts in "settlement" packages without any approval, conversations, discussion, or consent from any ostensible plaintiff. Of course, there were no plaintiffs. Pearson knew that there were no real plaintiffs.

Pearson knew that there was no money in the bank accounts about which he told prospective investors. Pearson witnessed fictitious deal documents being prepared and completed without any putative plaintiff being present. Pearson asked to see the "plaintiffs" and was told by Rothstein that he should speak with Boden. Despite spending time in RRA's offices, Pearson never witnessed a single person showing up to sign anything related to the deals he was selling. Pearson asked to see the driver's licenses and passports of the "plaintiffs," but when they were not produced he never raised the issue again.

Pearson, along with Boden, created "fake CYA finder fees letters" to allow Pearson to steal money from his own investors. Pearson had Boden issue opinion letters regarding "subject matters pertaining to the investments that would ordinarily have been done by outside independent counsel, not by someone associated with the investments."

Accordingly, based upon the evidence presented to the Court, the damage caused by Mr. Pearson in relation to Counts VIII and IX is $34,545,000.00.

Based upon the foregoing, the Court,

**DOES HEREBY ORDER:**

1. The Motion is **GRANTED.**

2. Final Judgment is hereby entered in favor of the Trustee, Herbert Stettin, as Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A. and against Richard L. Pearson, on Counts I-VII in the amount of $5,323,394.00 and on Counts VIII and IX in the amount of $34,545,000.00 for a total amount of **$39,868,394.00**, which shall accrue interest at the existing lawful post-judgment rate of interest (the "Pearson Judgment"). Execution shall issue forthwith on the Pearson Judgment pursuant to applicable law.

3. Final Judgment is hereby entered in favor of the Trustee, Herbert Stettin, as Chapter 11 Trustee of Rothstein Rosenfeldt Adler, P.A. and against Pearco Investments LLC, on Counts I-VII in the amount of **$378,788.00**, which shall accrue interest at the existing lawful post-judgment rate of interest (the "Pearco Judgment"). Execution shall issue forthwith on the Pearco Judgment pursuant to applicable law.

4. The Trustee's address is:

   Herbert Stettin, Chapter 11 Trustee
   c/o Berger Singerman LLP
   350 East Las Olas Boulevard, Suite 1000
   Fort Lauderdale, FL  33301

   The Defendants' addresses are:

   Richard L. Pearson
   5830 S.W. 104th Street
   Miami, FL  33156

       Pearco Investments LLC
       Attn: Richard L. Pearson
       5830 S.W. 104th Street
       Miami, FL  33156

5.    This Court retains jurisdiction to enforce the Pearson Judgment and Pearco Judgment, including through post-judgment proceedings, as well as jurisdiction to award any attorneys' fees and costs under applicable law.

# # #

Submitted By:
Frank Scruggs, Esq.
Berger Singerman LLP
350 East Las Olas Blvd.
Suite 1000
Fort Lauderdale, FL 33301
Tel. (954) 525-9900
Fax (954) 523-2872
E-mail:  Fscruggs@bergersingerman.com

Copy to:
Frank Scruggs, Esq.
[*Frank Scruggs is directed to serve a conformed copy of this Final Default Judgment upon all interested parties upon receipt*].